IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES F. HITCHCOCK III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-3391-CV-S-DW-SSA |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff James F. Hitchcock ("Hitchcock") seeks judicial review of the denial of his request for disability benefits under Title II and Title XVI of the Social Security Act. Plaintiff has exhausted his administrative remedies and judicial review is now appropriate. See 42 U.S.C. § 405(g) and 1383(c)(3); C.F.R. §§ 404.906, 416.1406. The complete facts and arguments are presented in the parties' briefs and are duplicated herein only to the extent necessary. After carefully examining the record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

## I. STANDARD OF REVIEW

The Court's review is limited to determining if the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. 42 U.S.C. §§ 405(g) and 1383 (c)(3); see also Warburton v. Apfel, 188 F. 3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (8th Cir. 1999). The Court also considers items in the record that fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court

to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F. 3d 1039, 1042 (8th Cir. 1999). Consequently, if after reviewing the record, "'it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, we must affirm the decision' of the Commissioner." Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000) (citations omitted).

## II. DISCUSSION

Plaintiff raises two issues on appeal: (1) Whether the ALJ erred in failing to find that Hitchcock's impairments met or equaled the criteria for Mental Retardation and (2) Whether the ALJ properly considered Hitchcock's subjective allegations and the opinions of the Hitchcock's consultative examiners. The Court addresses the issues in reverse order.

### A. Credibility Analysis

Questions of fact, including the credibility of Plaintiff's subjective testimony, are questions primarily for the Commissioner and not the Court. Benskin v. Bowen, 830 F. 2d 878, 882 (8th Cir. 1987). The Court will defer to determinations regarding the credibility of testimony "so long as they are supported by good reasons and substantial evidence." Guilliams v. Barnhart, 393 F. 3d 798, 801 (8th Cir. 2005).

In evaluating Complainant's subjective complaints, the ALJ must consider the five Polaski factors: (i) claimaint's daily activities; (ii) the duration, frequency, and intensity of the claimant's pain; (iii) precipitating and aggravating factors; (iv) dosage, effectiveness, and side effects of medication; and (v) functional restrictions. Guilliams, 393 F. 3d at 802, *citing* Polaski v. Heckler, 739 F. 3d 1320 (8th Cir. 1984). Complainant's subjective complaints may be discounted if they are inconsistent with objective medical evidence. Id. at 801.

The ALJ properly considered the Polaski factors in discrediting Plaintiff's credibility. Tucker v. Barnhart, 363 F. 3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each

Polaski factor as long as the analytical framework is recognized and considered."). In so doing, the ALJ utilized Claimant's self-reported daily activities as both a Polaski factor and as a factor determining credibility. Johson v. Apfel, 240 F. 3d 1145, 1148 (8th Cir. 2001) (ALJ may consider daily activities in determining claimant's credibility). The ALJ found claimant's daily living activities, mowing a riding mower, driving a vehicle and household chores, undermined claimant's claim of "totally debilitating symptomology."

The ALJ also found claimant's subjective complaints incredible since they were inconsistent with the objective medical evidence. Guilliams, 393 F. 3d at 801. Plaintiff never sought medical treatment for his alleged mental disorder. As noted by the ALJ, Plaintiff's only medical evidence is "by way of various consultative experts." Tr. 21. Dr. Isles, the expert whom the ALJ found credible, stated that he believed claimant might be exaggerating and "making a conscious effort to present himself as having more significant problems with intellect and memory than he actually has." Based upon this evidence, the ALJ properly discredited Plaintiff's subjective complaints.

Plaintiff also argues that the ALJ improperly discounted claimant's IQ scores and the medical testimony of Dr. McGehee generally. Plaintiff received two consultative mental examinations. Dr. McGehee performed his mental examination on Plaintiff on January 15, 2002. Dr. MeGehee diagnosed Plaintiff as operating in the range of moderate mental retardation. Dr. Isles, the other consultative examiner, saw Plaintiff on August 14, 2001 and on May 7, 2002. Dr. Isles administered the Wechsler Adult Intelligence Test and assigned Plaintiff a full scale IQ score of 54, mildly mentally retarded.

The ALJ properly assigned "nominal weight" to Dr. MeGehee's opinion. Dr. Megehee saw Plaintiff on only one occasion. Clark v. Apfel, 141 F.3d 1253, 1256 (8th Cir. 1998) ("..one-time evaluation by a non-treating psychologist is not entitled to controlling weight."). The ALJ

also discredited this analysis since it was inconsistent with other medical evidence and based on evidence contrary to the record.

As to the IQ scores, the 8th Circuit has stated that test results of this nature should be examined against claimant's daily activities and behavior. Clark, 141 F.3d at 1255. Plaintiff's IQ scores case are contradicted by Plaintiff's daily activities and medical records. The ALJ was thus proper in discounting their weight. Id.

### B. Failure to Consider Listed Impairments

Under the third-step of the five-step disability evaluation procedure, the ALJ must determine if claimant's impairment is a listed impairment or equals a listed impairment under the statute. 20 C.F.R. §§ 404.1520(d). Plaintiff argues the ALJ erred in failing to find Plaintiff met listed impairment 12.05. Listed impairment 12.05 applies where a "valid verbal, performance or full scale IQ" score falls within the stated categories. 20 C.F.R. Part 404, Subpart P, Appendix 1. As noted above, the ALJ properly found Plaintiff's IQ scores invalid based upon the record and the opinion of one of Plaintiff's consultative examiners. Plaintiff thus failed to fulfill his responsibility of providing medical evidence of his impairment. 20 C.F.R. § 404.1512(c).

After careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

SO ORDERED.

Date: October 4, 2006   /s/ DEAN WHIPPLE
                        Dean Whipple
                        United States District Court